GREEN et al. v. WILSON et al.

(Court of Civil Appeals of Texas. Amarillo. June 22, 1912. Rehearing Denied Oct. 19, 1912.)

1. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION.

The court, to construe any part of the charge, must consider the entire charge with a view of ascertaining whether, in its entirety, the law was correctly submitted, and whether the jury were likely to have been misled by any part thereof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

2. TRIAL (§ 296*)—BREACH OF CONTRACT—ACTION—MISLEADING INSTRUCTIONS.

Where, in an action by a vendor for breach of contract, the purchaser alleged that he was induced to enter into the contract by the fraudulent representations of the vendor, and the court submitted the defense of fraud, and directed a verdict for the purchaser if the proof showed misrepresentations, a charge that, if the purchaser refused to take the land and pay for it, the verdict should be for the vendor was

not misleading as leading the jury to understand that the purchaser's mere refusal to take and pay for the land authorized a recovery, without reference to the question of false representations.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

3. APPEAL AND ERROR (§ 1066*)—REVIEW—HARMLESS ERROR — ERRONEOUS INSTRUCTIONS.

Where, in an action by a vendor for the purchaser's breach of contract, the only issue was whether false representations were made by the vendor, inducing the contract, the purchaser was not prejudiced by an instruction directing a verdict for him, if the vendor made the misrepresentations charged, and made them knowing them to be false, though as an abstract proposition, the purchaser could recover if misrepresentations were made by which he was deceived to his damage, though the vendor did not know that the representations were false.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

4. PLEADING (§ 398*)—BREACH OF CONTRACT—ISSUES, PROOF, AND VARIANCE.

Where, in an action by a vendor for breach of contract, the petition alleged that the contract was entered into by the vendor through "J. C. W.," styled in the contract as "Jesse W.," and alleged that a copy of the contract was attached as an exhibit, the fact that the contract introduced in evidence was signed by "Jesse W. by R. D. S., Agent," did not show a material variance; the contract admitted, as to date and stipulations, being in exact accord with the contract described in the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1338; Dec. Dig. § 398.*]

5. APPEAL AND ERROR (§ 274*) — QUESTIONS REVIEWABLE—BILL OF EXCEPTIONS—QUALIFICATION BY TRIAL COURT.

Where the qualification by the trial court to a bill of exceptions complaining of the admission of evidence showed that the party complaining and one of his counsel insisted on the admission of the evidence, while another counsel objected to its introduction, the court, on appeal, could not say that the trial court erred, though, if proper objection had been urged thereto, the evidence should have been excluded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1631–1645; Dec. Dig. § 274.*]

6. APPEAL AND ERROR (§ 1060*) — REVIEW — HARMLESS ERROR—ARGUMENT OF COUNSEL.

Where testimony was not erroneously admitted, it was not reversible error for counsel of the successful party to discuss such evidence before the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

7. APPEAL AND ERROR (§ 742*) — QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR — PROPOSITIONS.

Where assignments of error are not propositions within themselves, and neither of them has a proposition submitted thereunder, the court, on appeal, will not consider them, because not prepared in the manner prescribed by court rules 29, 30 (47 S. W. v).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Wilbarger County; S. P. Huff, Judge.

Action by J. C. Wilson and others against D. L. Green and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Harry Mason and Cook & Cook, all of Vernon, for appellants. Cecil Storey, of Vernon, and L. H. Mathis, of Wichita Falls, for appellees.

GRAHAM, C. J. This appeal is from a verdict and judgment rendered in the district court of Wilbarger county in a suit brought by J. C. Wilson, B. F. Wilson, and W. C. Wilson, as plaintiffs, against D. L. Green and the Waggoner Banking Company, a copartnership, and W. T. Waggoner and E. P. Hicks, individually, to recover of D. L. Green the sum of $500 and interest, and to recover of the Waggoner Banking Company and W. T. Waggoner and E. P. Hicks, individually, the title and possession of a certain $500 check, or its value, which check had been drawn by plaintiffs in favor of D. L. Green on the Waggoner National Bank of Vernon, Tex., for the sum of $500.

The trial below resulted in a judgment for plaintiffs against D. L. Green for the $500 sued for and interest, and against the Waggoner Banking Company and the members composing it and W. T. Waggoner and E. P. Hicks, individually, for the title and possession of the check sued for, from which judgment all the defendants below have appealed to this court, and have submitted the case on the assignments of error discussed below.

Appellees allege in their petition, in substance, that on and prior to November 26, 1910, they were the legal and equitable owners of certain lands in Wilbarger county (describing them), and that on said date the defendant D. L. Green made and entered into a contract in writing with plaintiffs, which was duly executed by plaintiffs and said defendant in which plaintiffs agreed to sell said lands, and said defendant Green agreed to buy the same, on the terms and conditions fully set out in said pleadings; allegation being made that as a portion of said contract of sale plaintiffs and said defendant, respectively, put up as a forfeit with the Waggoner Banking Company and W. T. Waggoner and E. P. Hicks checks for $500 each, under an express agreement that, in the event either party to said contract of sale breached the same and failed to close up the sale as stipulated in said contract, the said checks should become the property of the party to said contract who had not breached the same.

Allegation is then made that a copy of the contract of sale is attached to the petition and marked for identification, and, further, that a breach of said contract by defendant D. L. Green had been made, and his failure to deliver said checks, or to permit the Waggoner Banking Company to deliver them, to plaintiffs, or to pay the same, or permit the Banking Company so to do; allegation being also made that the checks were worth the amount of money called for in each of them.

The defendant D. L. Green answered by an amended pleading, consisting of general demurrer, special exceptions, a general denial, a breach of the contract of sale by plaintiffs, and further alleged that as an inducement to him to make and enter into the contract sued on, plaintiffs and their duly authorized agent had fraudulently misrepresented the value and condition of said lands in several particulars, setting them out, with a knowledge of the defendant's ignorance of the falsity of said statements and representations at the time they were made and at the time the contract was entered into, further alleging that defendant had relied thereon, and allegations are then made as to the particulars in which said representations were false, and of the damages defendant would sustain as a result thereof, if bound by said contract, and prayer is made to be discharged, with its costs.

The Waggoner Banking Company, as well as the members composing said firm, and W. T. Waggoner and E. P. Hicks, answered plaintiffs' pleading by a general denial, and specially denied that they, or either of them, had any money which had been delivered them, or either of them, by the plaintiffs or the defendant D. L. Green, to be applied on the contract sued on by plaintiffs; but said pleading admitted the deposit with the Waggoner Banking Company by plaintiffs and defendant Green of the contract sued on by plaintiffs, together with the two checks mentioned in plaintiffs' pleadings, and as an exhibit a copy of said contract and checks were attached to said pleading as a part thereof. Said plea then, in effect, disclaimed any interest in the contract or checks, and prayer was made to be permitted to deliver all of them into court, and that said defendants be discharged.

Under appellants' first assignment of error, complaint is made that the trial court erred in the second paragraph of his charge to the jury; the portion of the charge complained of being as follows: "Now, if you shall find that Jesse Wilson, through R. D Scott, entered into said contract for himself and his two brothers, B. F. Wilson and W. C. Wilson, with D. L. Green, and that R. D. Scott was the agent authorized to make such contract, and thereafter each party put up his check for $500 as representing their deposits, and that both checks were placed with the Waggoner Banking Company, the defendant herein, to be held by it under the terms of the contract so made, and should you further find that D. L. Green refused to take said land and pay for it as agreed upon, you should, if you so find, return a verdict against the defendant D. L. Green for the sum of $500, with interest at the rate of 6 per cent. per annum from January 1, 1911, in favor of plaintiffs herein, and a verdict in favor of plaintiffs for said check of $500,

150 S.W.—17

placed up with the said defendant bank, payable to D. L. Green, dated November 29, 1910, and signed 'J. C. Wilson.' " The contention under this assignment being that the portion of the charge quoted, in effect, directed a verdict for plaintiffs, in the event the defendant Green refused to take and pay for the land as per contract, without reference to the question of the defenses urged by Green in his pleadings; he having introduced testimony tending to support the same.

[1] To properly construe any portion of the court's charge, the entire charge must be looked to with a view of ascertaining whether or not, in its entirety, the law was correctly submitted to the jury, and also whether or not the jury were likely misled by any portion thereof.

[2] Under the pleadings and the proof, if there were no other portion of the charge bearing upon the right of recovery than above copied, the assignment would most clearly present reversible error, but we find in the court's charge, in paragraph 3, that the court clearly submitted to the jury the defenses urged by D. L. Green, and directed them, in substance, that in the event the proof showed misrepresentations as alleged by said defendant to find for him.

It is true there is no language in either the second or third paragraphs of the court's charge directing the jury to consider them together, or that one or said paragraphs was intended to qualify what was stated in the other; but we think an intelligent jury could not have been misled, and we think must have understood from the charge as a whole that if the misrepresentations were made as alleged by defendant they could not render a verdict for plaintiffs, as directed in the second paragraph; and for this reason we think the first assignment of error is not well taken.

Under appellants' second assignment of error, the same proposition is raised, in different form, as that covered by their first assignment, and refers to the same paragraph of the court's charge; and for the reasons given above this assignment will be overruled.

Under appellants' third assignment, the same proposition as that discussed under the first is urged; and for the reasons given in disposing of the first assignment the third will be overruled.

Under appellants' fourth assignment, it is contended that the trial court erred in submitting to the jury the question of whether or not John Green, a brother of D. L. Green, was his agent, and whether or not D. L. Green would, as a result thereof, be chargeable with notice and declarations made by John Green in connection with the negotiations resulting in the contract for sale of the land. While there was no pleading alleging that John Green was the agent of D. L.

Green, or that D. L. Green was in any way responsible for the acts or declarations of John Green, we think the evidence introduced on the trial such as to raise an issue on this point; and as defendant Green was contending, both by his pleadings and his proof, that misrepresentations had been made to him about the land, and that he was ignorant of the real conditions, the evidence that was introduced was admissible; and we think it appropriate that the court should have directed the jury on the issue mentioned, and that therefore appellants' fourth assignment of error presents no reversible error.

[3] Under appellants' fifth assignment, complaint is made that the trial court, in the third paragraph of its charge, directed the jury to return a verdict for the defendant D. L. Green, in the event that plaintiffs were guilty of the misrepresentations as charged, and made them knowing them to be false; the contention being made that if misrepresentations were made, by which defendant Green was deceived to his damage, he would not be bound by the contract, even though plaintiffs or their agent may not have known that said representations were false. As an abstract proposition, we agree with appellants in their contention as to the law, and in a proper case such charge would result in a reversal; but in this case, as we view the entire statement of facts, there was no issue raised as to whether or not plaintiffs or their agent knowingly made misrepresentations, but the only issue was whether or not they made the representations as charged —the evidence, we think, being conclusive on the proposition that if the representations were made plaintiffs and their agent knew them to be false when made. As there was no issue on the question of knowledge as to the truth or falsity of such representations, if any, as were made, but the only issue was whether or not the representations as charged were made, we think no injury could have resulted to appellants because of the portion of the charge complained of having been given to the jury, and therefore overrule appellants' fifth assignment of error.

[4] Under appellants' sixth assignment of error, it is contended that the trial court erred in admitting as evidence the written contract for the sale of the land; it being contended that there was a variance between the contract as alleged in the pleadings and the contract introduced. Plaintiffs' pleadings, in effect, charged that the contract was entered into by plaintiffs through J. C. Wilson, who is styled in the contract as Jesse Wilson, while the contract introduced in evidence shows it to have been signed "Jesse Wilson, by R. D. Scott, Agent," and we think ordinarily such a variance would be material; but in this case the plaintiffs' pleadings allege that a copy of the contract sued on was attached as an exhibit to the plead-

ing, and the answer of the Waggoner Banking Company, W. T. Waggoner, and E. P. Hicks also attached an exhibit of the same contract; and we therefore think that under the facts and circumstances in this case the trial court committed no error in admitting the contract in evidence, and which is complained of under appellants' sixth assignment of error. The contract admitted, as to date and all stipulations and conditions, is in exact accord with the contract described in plaintiffs' pleadings; and we therefore think defendants could not have been misled or in any way injured by the introduction of the contract in evidence.

[5] Under appellants' seventh assignment of error, contention is made that the trial court erred in permitting appellees' counsel to ask certain questions of defendant Green on cross-examination, and compelling the defendant Green to answer same. The bill of exceptions, as prepared by appellants' counsel, shows that the defendant Green, while testifying in his own behalf, was compelled, on cross-examination, to testify that the case on trial was another one where real estate men had imposed upon him, and the number of times defendant Green had relied upon the representations made by real estate men in making contracts for the purchase and sale of lands; the bill, as prepared by appellants' counsel, also showing that at that time there were six of the jurors trying that case who were members of a jury that tried another case between the defendant Green and another real estate agent, and which case was referred to in the question asked by appellees' counsel. We think beyond question the evidence complained of would not have been admissible under the bill of exceptions as prepared by appellants' counsel; but we find appended to said bill a qualification by the trial court in this language: "I sign the above bill with the following explanation: There was no objection made that there were six jurors on this case that were on the other case previously tried, as stated in the bill. The stenographer's notes, as transcribed and filed in this case, show this: 'Q. This was another case where a real estate agent had imposed on you? A. Yes, sir. Mason (attorney for defendant): We object to that. Q. How many times have you relied upon the representations of real estate men in making contracts for the purchase and sale of land? Mr. Mason (for defendant): We object to this. It is not legitimate testimony, and is prejudicial to the defendant. Mr. Cook (for defendant): Let it in. The Court: I overrule the objection. Q. It had happened to you, according to your statement, just a short time before you had entered into a contract with reference to the sale of some of your land, and a dispute had arisen between you and some real estate agent with reference to what had been the inducement to the contract, and a lawsuit

had grown out of it? Mr. Mason (for defendant): We object to this testimony for the same reasons already stated. The Court: I overrule the objection. Mr. Cook (for defendant): Let it go in, and also the result of that suit. Mr. Mathis (for plaintiff): Do you want the result of that suit to go in? Answer (of witness): Yes, sir, put it down, the result of it.' With the above statement, I approve the bill and order it filed."

As we view the matter, under the qualification appended to the bill by the trial court, both the defendant Green and one of his counsel were insisting upon the evidence being admitted, while another one of appellant's counsel was objecting to its introduction; and under this condition of the record we are not prepared to say the trial court erred in admitting the evidence, even though, if proper objection had been urged thereto, it should have been excluded.

Under appellants' eighth assignment of error, contention is made that the trial court erred in permitting appellees' counsel, while cross-examining the defendant D. L. Green while testifying as a witness, to compel him to state, in effect, the same matters that are complained of under the seventh assignment; and for the same reasons given in disposing of it the evidence complained of in the bill, as prepared by appellants' counsel most clearly was not admissible, but the trial court appended to said bill the same explanation and qualification as that appended to the bill which forms the basis of the seventh assignment of error; and for the reasons given by us in disposing of the seventh assignment we overrule the eighth.

[6] Under appellants' ninth assignment, complaint is made that the trial court erred in permitting appellees' counsel to argue to the jury the testimony of the defendant Green, which forms the basis of the bills of exception covered by the seventh and eighth assignments of error; but it follows, we think, that if the testimony was not erroneously admitted it was not reversible error for appellees' counsel to discuss the same before the jury; and therefore the ninth assignment will be overruled.

[7] As appellants' tenth, eleventh, nor twelfth assignments of error are not propositions within themselves, and neither of them has a proposition submitted thereunder, we decline to consider either of them as not having been prepared in such way as warrants this court in disposing of them on their merits, under the rules prescribed by the Supreme Court for the government of this court. Rules 29 and 30 (47 S. W. v), and especially the latter part of rule 30.

Finding no reversible error in the record, the judgment of the trial court will in all things be affirmed; and it is so ordered.

HALL, J., not sitting.